FLORENCE M. HOBSON v. S. LOUISE LOWER ET AL.

WIDOW A TRUSTEE UNDER A WILL FOR THE REMAINDER-MEN, WHEN.

Where testator gave all of his property to his widow in the following language: "For the term of her natural life, and with full power to hold and dispose of part or all of the same for her use and benefit as she may see fit. Upon the death of my said wife, if there should be any residue of said estate, it is my will that such residue shall be divided equally among my four children," the widow is a *quasi* trustee for the remainder-men, the testator's children, and a petition alleging that she is wastefully using funds of the estate, has removed from the state and that the remainder-men fear that the estate will be dissipated, calls for an answer from her and that such relief may be granted as the circumstances require.

[For other cases in point, see 7 Cyc. Dig., "Wills," §§ 829-834.—Ed.]

[Proof of this decision and syllabus has been submitted to Judge Winch and corrected.]

ERROR to Cuyahoga common pleas court.

**Horr & Lewenthal,** for plaintiff in error.

**A. B. Thompson,** for defendants in error.

**WINCH, J.**

The will under consideration in this case gives all of the testator's property to his widow in the following language: "for the term of her natural life, and with full power to hold and dispose of part or all of the same for her use and benefit as she may see fit. Upon the death of my said wife, if there should be any residue of said estate, it is my will that such residue shall be divided equally among my four children."

Following the decision in the case of *Johnson* v. *Johnson*, 51 Ohio St. 446 [38 N. E. Rep. 61], we hold that the widow is a *quasi* trustee for the remainder-men, to wit, the testator's children.

Cuyahoga County.

The petition alleging that the trustee has improvidently and wastefully used considerable sums in excess of the fair and reasonable expense of supporting and maintaining herself, has moved out of the state, and that the plaintiff, one of the remainder-men, fears that the estate will all be dissipated by the widow during her lifetime, we think she is called upon to answer the petition and therefore overrule her demurrer to it.

**Henry** and **Marvin, JJ.,** concur.

---

## INTOXICATING LIQUORS.

[Henry (3d) Circuit Court, October Term, 1907.]

Hurin, Haynes and Wildman, JJ.

(Judges Haynes and Wildman of the sixth circuit, sitting in place of Judges Norris and Donnelly.)